UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

ABASS TOURE                                                          COMPLAINT

                              Plaintiff,                             Jury Trial Demanded

          against

THE CITY OF NEW YORK, POLICE OFFICER ANDREW
ATELLO and JOHN/JANE DOE 1-10 (the names being
fictitious as their identities are unknown),

                              Defendants.
----------------------------------------------------------------x

NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's
   rights under the Constitution.

JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth,
   Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

PARTIES

6. Plaintiff Abass Toure ("Mr. Toure" or "Plaintiff") is a resident of New York County in the
   City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the
   State of New York. It operates the NYPD, a department or agency of defendant City of
   New York responsible for the appointment, training, supervision, promotion and

discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Police Officer Andrew Atello, Shield No. 21442 (" Defendant Atello"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Atello is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants (collectively "Defendants") were acting under color of state law.

STATEMENT OF FACTS

12. Mr. Toure's brother is paralyzed from the waist down and uses a wheelchair to get around.

13. On or about October 4, 2019, Mr. Toure's brother was in the vicinity of East 115th Street and 2nd Avenue, New York, New York.

14. Despite the fact that Mr. Toure's brother had not committed any crimes, police officers handcuffed him.

15. Upon arriving to the scene and seeing his wheelchair bound brother handcuffed, Mr. Toure asked the police officers why they were arresting his brother.

16. Defendant Atello and John and Jane Doe 1-10 pushed Mr. Toure.

17. Defendants retaliated against Plaintiff for exercising his First Amendment right to freedom of speech.

18. Defendants began grabbing Mr. Toure about his arms and body.

19. Defendants restrained Mr. Toure.

20. While Mr. Toure was restrained by Defendants, one of the defendants began punching Mr. Toure repeatedly with upper cuts to his face.

21. The punches were obvious to all around and the civilian bystanders were shouting that the Defendants were punching him.

22. Despite the Defendants knowing that Mr. Toure was restrained as he was repeatedly struck with upper cuts, none of the Defendants stopped the punches.

23. Defendants had the opportunity to stop the excessive force against Mr. Toure, but none of them did.

24. Defendants then forcefully took Mr. Toure down to the ground.

25. Mr. Toure was not resisting or presenting any threat to the Defendants.

26. As Mr. Toure lay on the ground with his hands handcuffed behind his back, one of the Defendants forcefully stomped on the back of Plaintiff's head stomping the left side of Mr. Toure's face into the concrete ground.

27. Mr. Toure was bleeding heavily from the left side of his face.

28. Plaintiff requested to be taken to the hospital to be treated for his injuries.

29. Despite the obvious injuries, no ambulance was called to the scene.

30. To conceal their unlawful assault of Plaintiff, Defendants falsely arrested Mr. Toure.

31. Plaintiff was instead transported in handcuffs to the police precinct.

32. At the precinct, Plaintiff again requested medical attention.

33. One of the defendants who is a supervisor approached Mr. Toure and told him that it did not have to go like that.

34. Plaintiff again requested medical attention, but the supervisor asked what he needed it for.

35. Mr. Toure said in sum and substance, "Can't you see that I am bleeding?"

36. The supervisor responded that it was just a scratch.

37. Plaintiff said in sum and substance, "No, I am still bleeding and I also have a headache."

38. Several hours later an ambulance finally came to the precinct to evaluate Mr. Toure.

39. Plaintiff was transported to the hospital for his injuries.

40. Plaintiff was then transported back to the precinct where they processed his arrest.

41. Despite the incident being captured on video, Defendant Atello fabricated a basis to arrest Mr. Toure.

42. Defendant Atello falsely claimed that Mr. Toure was standing closely to where his brother was being arrested.

43. In fact, Plaintiff's brother was ultimately not charged with any crimes.

44. In fact, Plaintiff was not standing near his brother.

45. Defendant Atello falsely claimed that Plaintiff shoved him.

46. Defendant Atello lied about Mr. Toure's actions to conceal his and his fellow officer's illegal actions.

47. Defendant Atello's false statements are contradicted by the video of Defendants' assault of Mr. Toure.

48. Defendant Atello forwarded this false information to the New York County District Attorney's Office.

49. Mr. Toure was arraigned on these false charges.

50. Defendant Atello denied Mr. Toure the right to a fair trial by fabricating evidence against him.

51. Plaintiff suffered a loss of liberty as a result of these charges.

52. Plaintiff spent a night in police custody.

53. Plaintiff had to appear in court numerous times before the prosecutor agreed to adjourn the case in contemplation of dismissal.

54. As a result of this incident, Plaintiff suffered serious injuries to his face.

55. Mr. Toure's left side of his face was swollen and bleeding.

56. Mr. Toure had a migraine as a result of the assault.

57. Mr. Toure still has trouble with his vision in his left eye as a result of this assault.

58. Plaintiff missed work as a result of these injuries.

59. Mr. Toure has scarring on the left side of his face from where his face was stomped into the concrete ground.

60. As a result of the beating, Mr. Toure has blurry vision in his left eye.

61. Mr. Toure suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

62. Within ninety days following the occurrence of the incidence complained of in this Complaint, Plaintiff filed a written Notice of Claim with Defendant City of New York pursuant to General Municipal Law 50e.

63. Thirty days since the filing thereof have elapsed without adjustment or payment of plaintiff's claim.

FIRST CLAIM
<u>False Arrest</u>

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

66. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

SECOND CLAIM
<u>State Law False Imprisonment and False Arrest</u>

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

69. Plaintiff was conscious of his confinement.

70. Plaintiff did not consent to his confinement.

71. Plaintiff's confinement was not otherwise privileged.

72. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

73. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

THIRD CLAIM
Denial of the Right to a Fair Trial

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. The individual defendants withheld material exculpatory evidence from prosecutors, fabricated and altered evidence related to the acts and statements of Mr. Toure as a perpetrator and forwarded false evidence to prosecutors in the New York County District Attorney's office.

76. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

77. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

FOURTH CLAIM
Negligent Hiring/Training/Retention

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

80. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

81. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

82. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

83. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

FIFTH CLAIM
Excessive Force

84. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

85. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

86. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

87. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

SIXTH CLAIM
Retaliatory Prosecution

88. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

89. Plaintiff exercised his First Amendment right to freedom of speech when asking what the police were doing to his brother.

90. In retaliation, Plaintiff was arrested and prosecuted without any legal justification or probable cause.

91. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

SIXTH CLAIM
State Law Assault and Battery

92. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

93. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

94. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

95.  As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

SEVENTH CLAIM
Intentional Infliction of Emotional Distress

96. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

97. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

98. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

99. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of respondeat superior.

100.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

EIGHTH CLAIM
Negligent Infliction of Emotional Distress

101.      Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

102.      By reason of the foregoing, defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

103.      The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

104.      Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of respondeat superior.

105.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

NINTH CLAIM
Failure to Intervene

106.      Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

107.      Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

108.      Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

109.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: June 5, 2020
New York, New York

BRUSTEIN LAW, PLLC

_____/s/_____
Evan Brustein
299 Broadway, 17th Floor
New York, NY 10007
(212) 233-3900

_____/s/_____
Marion Conde da Silveira
CONDE LAW FIRM, PLLC
299 Broadway, 17th Floor
New York, New York 10007
(917)470-2837

*Attorneys*
*for Plaintiff*