USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __7/25/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TOURE,

                              **Plaintiff,**

-against-

CITY OF NEW YORK ET AL.,

                              **Defendants.**

20-cv-04310 (ALC)

<u>ORDER</u>

---

**ANDREW L. CARTER, JR., United States District Judge:**

      On October 15, 2021, the parties submitted a letter to the Court advising that they were ready to proceed to trial, indicating that they were unable to reach a settlement agreement. ECF No. 83. On January 19, 2022, the Court ordered the parties to submit a joint pre-trial order on or before February 16, 2022. ECF No. 84. To date, no such order has been filed. Accordingly, on October 5, 2022, this Court ordered Plaintiff to show cause as to why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). ECF No. 85. The Court directed Plaintiff to respond by October 19, 2022, and the Court warned Plaintiff that any failure to make this showing would result in a dismissal of this case without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Id*.

      To date, Plaintiff has failed to respond to the Order to Show Cause nor has he taken any action in this case for nearly two years. Under Rule 41(b), the district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). Before dismissing a case under Rule 41(b), a district court must consider the following five factors:

> (1) whether the plaintiff's failure to prosecute caused significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether further delay would prejudice the defendant; (4) whether the court carefully balanced its need to make sure it can continue to efficiently tend to other cases that

come before it against the plaintiff's right to argue their case; and (5) whether the court adequately considered whether a less harsh sanction would be as effective.

*Sanchez v. Dutchess Cnty. Dep't of Cmty. & Fam. Servs.*, No. 21-2408, 2023 WL 3047971, at *1 (2d Cir. Apr. 24, 2023) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

It has now been nearly two years since the parties last communicated with the Court, and the Plaintiff has been notified that further delay would result in dismissal. Here, Plaintiff appears to have abandoned this litigation, and the Court concludes that dismissal under Rule 41(b) is warranted.[1] Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is respectfully directed to terminate this case.

**SO ORDERED.**

**Dated:** July 25, 2023
New York, New York

                            **ANDREW L. CARTER, JR.**
                            **United States District Judge**

---

[1] The district court need not discuss each factor on the record but "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Sanchez*, 2023 WL 3047971, at *2 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)).